UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-403-GCM

| | |
|---|---|
| JACQUELYN R. BRIGGS, ) ) ) Plaintiff, ) ) v. ) ) ) T. BROWN, Officer, ) CITY OF DEKALB, ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion. For the reasons that follow, this action will be transferred to the Northern District of Georgia, Atlanta Division.

On July 12, 2013, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 raising claims that her civil rights were violated by the defendants during an apparent wrongful arrest and detention in the City of DeKalb in the State of Georgia.[1] According to the complaint, Plaintiff is a citizen and resident of Union County, Monroe, North Carolina, which is within the Western District of North Carolina. Plaintiff alleges that Defendant T. Brown is a police officer employed by Defendant City of DeKalb. The Court notes that all of the allegations which are set forth in the complaint are concerned with actions or omissions that Plaintiff contends took place exclusively within DeKalb at an undeclared time.

After considering Plaintiff's motion to proceed *in forma pauperis* and conducting an

---

[1] The Court notes that there does not appear to be a city of DeKalb in Georgia. There is a DeKalb County in Georgia which is within the Northern District of Georgia, Atlanta Division.

1

initial review, the Court found that venue appeared to lie in the Northern District of Georgia as the alleged facts giving rise to the complaint occurred within that district. On July 30, 2013, the Court entered an Order providing Plaintiff with an opportunity to explain why she contends venue is proper within the Western District. (Doc. No. 3: Order). The Court noted that before transferring a case on the basis of venue, the Plaintiff should be provided an opportunity to address the merits of such a decision. See Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986) (citing 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, § 3844 at 329-30 (1986)); accord Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987) (discussing sua sponte transfer of a case). Plaintiff was ordered to file her response to the Court's July 29th Order by August 9, 2013, and to date, no such response has been filed.

Federal law provides that the district court may transfer an action "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). See also 28 U.S.C. § 1406(a) (providing for transfer of venue on the court's own motion). As noted, it appears that venue is proper within the Northern District of Georgia because all of the allegations in the complaint concern the purported wrongful arrest and detention of the Plaintiff in that district. For the foregoing reasons, the Court finds that this matter should be transferred to the Northern District of Georgia for further proceedings.

**IT IS, THEREFORE, ORDERED** that venue is proper in the Northern District of Georgia, Atlanta Division.

**IT IS FURTHER ORDERED** that the clerk of court shall transfer this case to the Northern District of Georgia, Atlanta Division.

**IT IS SO ORDERED.**

Signed: August 19, 2013

*Graham C. Mullen*
Graham C. Mullen
United States District Judge